**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-838C
(Filed: August 19, 2015)

**FILED**

AUG 19 2015

U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| NIZZA P. EL, | \* |
| | \* |
| Plaintiff, | \* |
| | \* |
| v. | \* |
| | \* |
| THE UNITED STATES, | \* |
| | \* |
| Defendant. | \* |

Pro Se Plaintiff; Dismissal for Lack of Jurisdiction; Application to Proceed In Forma Pauperis

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Nizza P. El, Pekin, IL, pro se.

## OPINION AND ORDER

**SWEENEY**, Judge

On August 6, 2015, plaintiff Nizza P. El, proceeding pro se, filed a complaint and an application to proceed in forma pauperis. Plaintiff, who is presently incarcerated in federal prison under the name Orlando Preston, alleges that the Federal Bureau of Investigation, the United States District Court for the Eastern District of Missouri, the State of Missouri, and a number of federal and state officials violated his constitutional rights when they arrested him, detained him, and required him to post bond for his release. The court grants plaintiff's application to proceed in forma pauperis, and dismisses plaintiff's complaint for lack of jurisdiction.

### I. JURISDICTION

As an initial matter, it is well settled that the United States is the only proper defendant in the United States Court of Federal Claims ("Court of Federal Claims"). See 28 U.S.C. § 1491(a)(1) (2012) (providing that the Court of Federal Claims has jurisdiction over claims against the United States); R. U.S. Ct. Fed. Cl. 10(a) (requiring that the United States be designated as the defendant in the Court of Federal Claims); Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003) ("[T]he only proper defendant for any matter before this court is the United States, not its officers, nor any other individual."). This court does not possess jurisdiction to hear claims against individual federal government officials. See Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials."). Nor does it have

jurisdiction to hear claims against states, state agencies, or state officials. See, e.g., Vlahakis v. United States, 215 Ct. Cl. 1018, 1018 (1978) ("The plaintiff's assertions concerning Illinois state officials and courts are obviously beyond this court's jurisdiction."); Moore v. Pub. Defenders Office, 76 Fed. Cl. 617, 620 (2007) ("When a plaintiff's complaint names private parties, or local, county, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations."). Indeed, the jurisdiction of the Court of Federal Claims "is confined to the rendition of money judgments in suits brought for that relief against the United States, . . . and if the relief sought is against others than the United States, the suit as to them must be ignored as beyond the jurisdiction of the court." United States v. Sherwood, 312 U.S. 584, 588 (1941). Accordingly, plaintiff's claims against all parties except the United States must be dismissed for lack of jurisdiction.

Further, the Court of Federal Claims lacks jurisdiction to entertain criminal matters. See Joshua v. United States, 17 F.3d 378, 379-80 (Fed. Cir. 1994) (affirming that the Court of Federal Claims had "'no jurisdiction to adjudicate any claims whatsoever under the federal criminal code'"); Kania v. United States, 650 F.2d 264, 268 (Ct. Cl. 1981) (noting that "the role of the judiciary in the high function of enforcing and policing the criminal law is assigned to the courts of general jurisdiction and not to this court"). Accordingly, plaintiff's claims regarding his arrest, detention, and bond posting must be dismissed. Plaintiff's general allegations of treason, extortion, racketeering, threat, duress, coercion, human trafficking, perjury, slavery, false arrest, bribery, and conspiracy must also be dismissed.

Moreover, the court lacks jurisdiction to entertain the constitutional violations alleged by plaintiff. The Tucker Act, the principal statute governing the jurisdiction of this court, waives sovereign immunity for claims against the United States that are founded upon the United States Constitution. 28 U.S.C. § 1491(a)(1). However, the constitutional provisions at issue must mandate the payment of money for their violation. Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc). None of the constitutional provisions relied upon by plaintiff–Article I, Section 10's Contract Clause; Article VI's statement that all treaties shall be the supreme law of the land; the Fourth Amendment; the Fifth Amendment and Fourteenth Amendments' Due Process Clauses; and the Fourteenth Amendment's Equal Protection Clause–mandates the payment of money damages for its violation. See, e.g., Brown, 105 F.3d at 623 ("[T]he Fourth Amendment does not mandate the payment of money for its violation. Because monetary damages are not available for a Fourth Amendment violation, the Court of Federal Claims does not have jurisdiction over a such a violation." (citation omitted)); LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) ("[T]he Due Process Clauses of the Fifth and Fourteenth Amendments [and] the Equal Protection Clause of the Fourteenth Amendment . . . [are not] a sufficient basis for jurisdiction because they do not mandate payment of money by the government."); McNeil v. United States, 78 Fed. Cl. 211, 225 (2007) (noting that the Contract Clause does not apply to the United States and does not mandate the payment of money), aff'd, 293 F. App'x 758 (Fed. Cir. 2008). Accordingly, plaintiff's constitutional claims must be dismissed.

Finally, the court lacks jurisdiction to entertain plaintiff's claims premised upon a treaty and various United Nations declarations. Pursuant to 28 U.S.C. § 1502, the Court of Federal Claims, unless otherwise provided by statute, does "not have jurisdiction of any claim against the United States growing out of or dependent upon any treaty entered into with foreign nations." Plaintiff has not cited any statutes providing this court with the authority to entertain claims under the Treaty of Peace and Friendship, the Universal Declaration of Human Rights, the Declaration of the Rights of the Child, or the Declaration of the Rights of Indigenous Peoples. Accordingly, these claims must be dismissed. See also Prophet v. United States, 106 Fed. Cl. 456, 464 (2012) (holding that various declarations and conventions do not confer jurisdiction on the Court of Federal Claims because they "are not acts of the United States Congress, signed by the President of the United States"); Republic of New Morocco v. United States, 98 Fed. Cl. 463, 468 (2011) (holding that the Treaty of Peace and Friendship "cannot serve as a basis for the court to exercise jurisdiction over the complaint"); Pikulin v. United States, 97 Fed. Cl. 71, 77-78 (2011) (stating that the Universal Declaration of Human Rights does not create any substantive rights enforceable against the government).

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

As noted above, plaintiff filed, concurrent with his complaint, an application to proceed in forma pauperis. Courts of the United States are permitted to waive the prepayment or payment of filing fees and security under certain circumstances.[1] 28 U.S.C. § 1915(a)(1). Plaintiffs wishing to proceed in forma pauperis must submit an affidavit that lists all of their assets, declares that they are unable to pay the fees or give the security, and states the nature of the action and their belief that they are entitled to redress. Id. Further, prisoners must file "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison which the prisoner is or was confined." Id. § 1915(a)(2).

Plaintiff has substantially satisfied the requirements set forth in 28 U.S.C. § 1915(a). The court therefore grants plaintiff's application to proceed in forma pauperis and waives plaintiff's prepayment of the filing fee. Notwithstanding the court's waiver, prisoners seeking to proceed in forma pauperis are required to pay, over time, the filing fee in full. Id. § 1915(b). Thus, plaintiff shall be assessed, as a partial payment of the court's filing fee, an initial sum of twenty percent of the greater of (1) the average monthly deposits into his account, or (2) the average monthly

---

[1] While the Court of Federal Claims is not generally considered to be a "court of the United States" within the meaning of title 28, the court has jurisdiction to grant or deny applications to proceed in forma pauperis. See 28 U.S.C. § 2503(d) (deeming the Court of Federal Claims to be "a court of the United States" for the purposes of § 1915); see also Matthews v. United States, 72 Fed. Cl. 274, 277-78 (2006) (recognizing that Congress enacted the Court of Federal Claims Technical and Procedural Improvements Act of 1992, authorizing the court to, among other things, adjudicate applications to proceed in forma pauperis pursuant to § 1915).

balance in his account for the six-month period immediately preceding the filing of his complaint. Id. § 1915(b)(1). Thereafter, plaintiff shall be required to make monthly payments of twenty percent of the preceding month's income credited to his account. Id. § 1915(b)(2). The agency having custody of plaintiff shall forward payments from plaintiff's account to the clerk of the Court of Federal Claims each time the account balance exceeds $10 and until such time as the filing fee is paid in full. Id.

### III. CONCLUSION

For the reasons set forth above, the court **DISMISSES** plaintiff's complaint for lack of jurisdiction. In addition, the court **GRANTS** plaintiff's application to proceed in forma pauperis, but directs plaintiff to pay the filing fee in full pursuant to 28 U.S.C. § 1915(b), as previously described. No costs. The clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

*Margaret M. Sweeney*
MARGARET M. SWEENEY
Judge